IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

BILLY DWIGHT ESCO, #243 253        *

    Plaintiff,                                    *

    v.                                                *        2:09-CV-4-TMH
                                                          (WO)
LT. STEEL, *et al.*,                              *

    Defendants.                              *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se*, files this 42 U.S.C. § 1983 action complaining that he was transferred from a level four camp to a level six camp in retaliation for filing lawsuits. Among the named defendants are the Alabama Department of Corrections, the State of Alabama, Associate Commission James DeLoach, and Commissioner Richard Allen. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Alabama Department of Corrections, the State of Alabama, James DeLoach, and Richard Allen prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Thus, notwithstanding payment of the filing fee or any initial partial filing fee, this court must dismiss a case prior to service of process if the court determines that the action is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) or (iii).

# I. DISCUSSION

*A. The Alabama Department of Corrections*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). In light of the foregoing, the court concludes that Plaintiff's claims against the Alabama Department of Corrections are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*B. The State of Alabama*

The State of Alabama is immune from suit.  *Papasan v. Allain*, 478 U.S. 265 (1986). Moreover, "a State is not a 'person' within the meaning of § 1983...." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989).  Thus, Plaintiff's claims against the State of Alabama are "based on an indisputably meritless legal theory" and are due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke*, 490 U.S. at 327.

*C. Commissioner Richard Allen and Associate Commissioner James DeLoach*

Plaintiff makes no specific allegations against Commissioner Allen and Associate Commissioner DeLoach. To the extent Plaintiff files suit against these defendants based on their supervisory roles, such claims are subject to dismissal.   The law is settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of *respondeat superior* or on the basis of vicarious liability. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir.

1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of respondeat superior or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions ... and the alleged constitutional deprivation."). Plaintiff's claims against Defendants Allen and DeLoach on the basis of *respondeat superior* are, therefore, subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against the Alabama Department of Corrections, the State of Alabama, Associate Commissioner James DeLoach, and Commissioner Richard Allen be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

2. The Alabama Department of Corrections, the State of Alabama, Associate Commissioner James DeLoach, and Commissioner Richard Allen be DISMISSED as parties to this complaint; and

3. This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said

Recommendation on or before **July 23, 2009**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of July, 2009.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE